955 F.2d 41
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark F. GUIMOND, Plaintiff-Appellant,
v.
The CREDIT BUREAU INCORPORATED OF GEORGIA, a Georgia
Corporation, Defendant-Appellee.
 No. 91-1516.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided Feb. 25, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Clarence E. Goetz, Chief Magistrate Judge. (CA-90-1727-JH)
 Argued: David Keith Felsen, Van Grack, Axelson, Williamowsky & Jacobs, Rockville, Md., for appellant; Jay Paul Holland, Joseph, Greenwald & Laake, P.A., Greenbelt, Md., for appellee.
 On Brief: Bruce M. Bender, Van Grack, Axelson, Williamowsky & Jacobs, Rockville, Md., for appellant; Walter E. Laake, Jr., Joseph, Greenwald & Laake, P.A., Greenbelt, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Mark F. Guimond appeals from a grant of summary judgment in his action against The Credit Bureau, Inc. (CBI). In his complaint, Guimond sought damages from CBI arising out of its alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681t. The district court, in granting summary judgment, held that "[p]laintiff's admissions at his deposition and answers to interrogatories that there was no disputed or inaccurate information" on his credit report bars any "inquiry into the procedures used by the defendant" and bars recovery for any violations of the Act. We affirm the district court, albeit on other grounds. See Schweiker v. Hogan, 457 U.S. 569, 585 & n. 24 (1982). CBI's actions neither violated the Act nor damaged Guimond.
 
 
 2
 In November 1988, Guimond applied for credit from Ann Taylor and was denied it. In April 1989, Guimond became aware that his mother had become involved in a dispute with CBI over erroneous information included in her credit report. As a result of this dispute, Guimond discovered that information from his mother's credit file had been included in his own credit report from CBI. In June 1989, Guimond resolved his dispute with CBI, releasing the company from liability under the Act and other provisions of law in exchange for a $1,600 settlement. At that time, a CBI representative agreed to correct other erroneous information in Guimond's file and to notify Ann Taylor of the changes.
 
 
 3
 Guimond's credit woes did not end with the settlement. During the next 14 months, Guimond was refused credit by various businesses a total of 25 times. Of those refusals, 19 explicitly relied on information provided by CBI. During roughly this period, Guimond repeatedly wrote to CBI requesting disclosure pursuant to the Act of the contents of his credit file--a total of 14 requests in all. CBI did furnish such disclosure--12 times in written form and twice over the telephone. At no time did Guimond find any inaccurate, incomplete, or stale information in those reports. However, in June 1990, Guimond brought this action against CBI, alleging that the company's disclosure procedures themselves violate the Act, regardless of the accuracy or inaccuracy of the information in its files.
 
 
 4
 Specifically, Guimond alleges (1) that the company did not "clearly and conspicuously" disclose his rights to have businesses that previously refused him credit notified of the change in his credit report effected after the settlement with CBI, despite the requirements that it do so under 15 U.S.C. § 1681i(d); (2) that the company, after his requests, did not provide disclosure promptly enough to fulfill the requirements of 15 U.S.C. § 1681(a) that such disclosure shall occur "upon request and proper identification"; (3) that the company failed to provide disclosure of his credit information to him over the telephone, even though it is required to do so by 15 U.S.C. § 1681h(b)(2); and (4) that his dealings with CBI reveal that the company has not provided "trained personnel to explain to the consumer any information provided to him," as required by 15 U.S.C. § 1681h(c). We consider these contentions in turn.
 
 
 5
 The form used by CBI to disclose Guimond's credit file to him consisted of a preprinted sheet with spaces for notations summarizing the company's credit information on the consumer. At the bottom appear the printed words "Explanations on back of form." On the back of the form in small but clear and readable type, appear four paragraphs of plain English explaining CBI's procedures for dealing with challenges to reported information. Included in paragraph three are the words, "If the information you disagreed with has been changed to reflect new information, you may request that an amended report be sent to certain businesses that have requested and received your credit history previously." The paragraph goes on to explain the procedure consumers should follow if they continue to disagree with information reported by CBI and states that a consumer may submit a statement for inclusion in the credit information to be sent to designated businesses. Guimond does not allege inaccuracy in this statement of rights under the Act, but he argues that the form does not display the information about a consumer's rights under § 1681i(d) conspicuously enough and that it does not explain that they are rights. The statement, however, does accurately summarize the relief available to a consumer under this provision of the Act. In addition, Guimond testified that a CBI representative had directed his attention to the statement at the time of his settlement with the company, calling it a "summary of rights." Plainly, he was aware of his rights from the outset of this episode. His contentions do not create a triable issue.
 
 
 6
 Guimond's claim of delay in disclosure is also without merit. The evidence shows that CBI provided the information requested in Guimond's letters in written form within an average of four days after receipt of the request. The Act provides for disclosure as of "the time of the request" but does not state a time limit within which it must be provided. 15 U.S.C. § 1681g(a)(1). The Act does not require written disclosure at all; its terms are fulfilled if the agency provides disclosure at its office or over the telephone after a written request. 15 U.S.C. § 1681h(b). Moreover, Guimond has shown no actual damages flowing from this delay, as required for recovery under 15 U.S.C. § 1681o. Nor has he produced any evidence that CBI committed a willful dereliction, as required for punitive damages under 15 U.S.C. § 1681n. See also Carroll v. Exxon Co., U.S.A., 434 F.Supp. 557, 561 (E.D.La.1977). Thus his claim must fail. Hauser v. Equifax, Inc., 602 F.2d 811, 817 (8th Cir.1979). The claim that CBI refused to provide telephone disclosure is not supported by the facts. Guimond did obtain telephone disclosure on two occasions. On another occasion, a CBI representative contacted him to make telephone disclosure but terminated the call when Guimond refused to provide information verifying his identity. His complaint is that CBI would not provide him with telephone disclosure in phone calls he initiated after a written request. However, 15 U.S.C. § 1681h provides that disclosure is to be made "on reasonable notice," 15 U.S.C. § 1681h(a), and that telephone disclosure is to be made "with proper identification," 15 U.S.C. § 1681h(b)(2). A simple phone call from a consumer is not enough to trigger the requirements of 15 U.S.C. § 1681h. Clay v. Equifax, Inc., 762 F.2d 952, 960-61 (11th Cir.1985). CBI's evidence discloses that the company requires its operators to initiate a call, only after a written request seeking disclosure, in order to ensure that the information is given personally to the individual requesting it. The stated purpose of the Act is to induce credit reporting agencies to adopt "reasonable procedures" in their use of credit information. These procedures are to ensure, among other things, the "confidentiality ... of such information." 15 U.S.C. § 1681(b). CBI's caution conforms with the terms and intent of the statute.
 
 
 7
 Guimond's fourth allegation, that CBI failed to provide "trained personnel" to explain to him his credit information, must fail for a similar reason. These allegations arise out of Guimond's acrimonious attempts to obtain telephone disclosure at a time of his own choosing. During these calls, he asserts, he encountered CBI personnel who either were ignorant of the company's disclosure obligations under the Act or misstated them. However, the Act does not impose on credit reporting agencies the duty to train all of their personnel to provide disclosure at any time of the consumer's choosing but only that "on reasonable notice," 15 U.S.C. § 1681h(a), the agency shall "provide trained personnel to explain to the consumer any information furnished to him" pursuant to the Act. 15 U.S.C. § 1681h(c). The burden is on the consumer to establish that a credit reporting agency's procedures for training or disclosure are deficient. Jones v. Credit Bureau of Garden City, Inc., 703 F.Supp. 897, 901 (D.Kan.1988). CBI's evidence shows clearly that such personnel were available but that Guimond chose not to provide the required notice under the Act. Guimond offers no evidence of deficiency in training other than his assertion that some employees were not trained.
 
 
 8
 Because Guimond has failed to establish a violation of the Act and failed to prove damages, the district court's order granting summary judgment is affirmed.
 
 
 9
 AFFIRMED.